LORENZI, PLAINTIFF AND APPELLEE, v. PARRA, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of San Juan in an Action
for the Delivery of Personal Property.

No. 2043.—Decided May 27, 1920.

VOID SALE—INCAPACITY OF VENDOR—RETURN OF PART PAYMENT—MINOR—INVEST-
MENT.—The lower court erred in adjudging the nullity of a contract for the
sale of an automobile to an adult by a minor on the ground of the inca-
pacity of the minor and ordering the minor to return the part of the price
received when it had not been previously alleged and proved by the plain-
tiff that the minor had profitably invested the said part of the price. The
fact that the minor retained the automobile and the part of the price re-
ceived is no proof that he profited thereby, for this is not shown by the
mere delivery to a minor of a certain sum without proving its investment
by him and specifically showing that the said sum had materially increased
his possessions.

The facts are stated in the opinion.

Mr. F. Géigel for the appellant.

Mr. L. Villaronga for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

In the complaint dated June 30, 1916, the plaintiff alleged
that he purchased an automobile from the defendant for
the sum of $425, of which he paid $325 when the contract
was made and $17 later, and that he promised to pay the
balance of $83 to the vendor on the 30th of June, 1916, but
as the defendant refused to receive it, he deposited that
sum in the clerk's office of the court and prayed that the
defendant be adjudged to deliver to him the said automobile.
This is all that was prayed for in the complaint.

The judgment entered in the suit annulled the contract
of purchase and sale entered into between the parties and
ordered that the said automobile should be delivered to the
defendant who should return to the plaintiff the $342 re-
ceived by him on account of the price of said automobile,
without costs.

The defendant-appellant alleges that the lower court erred
in holding that the contract entered into by him with the

appellee was one of purchase and sale and not a loan secured by the automobile, but we have examined the evidence introduced at the trial and can not hold that the court committed the error assigned.

Although the appellant alleged and proved at the trial that he was a minor when he entered into the contract with the appellee, yet the court, notwithstanding its having held the contract to be null and void, adjudged that he return to the plaintiff the $342 received in part payment of the price. The other two grounds of appeal are deduced from this part of the judgment, it being alleged that as a question of fact it was not proved that the defendant misrepresented his age to the plaintiff and that he is not under obligation to return the said amount because it has not been proved that the money so received materially increased his possessions.

As regards the first of these grounds, we agree with the appellant that he did not misrepresent his age to the appellee or attempt to do so, for, according to the testimony of Guillermo Escudero, a witness for the plaintiff who acted on his behalf in carrying out the transaction, when the defendant was asked whether he was of age he answered that he was, but that if he was not he had been emancipated since he was eighteen years old by his mother. That answer, considering the form in which it was given, does not show that he concealed his minority, but, on the contrary, it should have raised suspicion in the plaintiff. Nevertheless, however this may be, the really important question here is whether the appellant is under the obligation to return the sum received on the contract entered into while he was a minor, the contract being null and void, according to subdivision 1 of section 1230 of the Civil Code, for lack of his capacity to give consent.

Although the contract may be void on account of the incapacity of one of the parties, section 1271 of the Civil Code

provides that the incapacitated person is not obliged to make restitution, except to the extent he has profited by the thing or by the sum he may have received. It was not alleged and no evidence was presented to prove that the appellant profited by the part of the price received, and such proof is necessary in order that the appellant may be adjudged to make restitution, as held by this court in *Monge et al.* v. *Zechini et al.,* 17 P. R. R. 729, and by the Supreme Court of Spain in its judgments of October 22, 1894; October 21, 1897, and June 24, 1898.

The fact that the appellant retains the automobile which was the object of the contract and has received a certain sum of money for its sale which was adjudged null and void, is no proof that he profited by the transaction, for, according to the judgment of October 22, 1894, cited, this does not consist in the mere payment of a certain sum to a minor without proving its investment and without specifically showing that the sum received by the minor materially increased his possessions. To hold that money received by an incapacitated person always increases his possessions and that for this reason it should be returned, would be to destroy the effect of said section 1271. Besides, the evidence in this case showed that the minor wanted the money in order to squander it.

As we have seen, the judgment orders that the automobile should be delivered to the defendant, albeit from the complaint, from the evidence and from the findings of the trial court it appears that the defendant has possession of the automobile; therefore it was a mistake undoubtedly on the part of the lower court to order that the automobile be delivered to the defendant.

For the foregoing reasons the judgment appealed from must be reversed and another entered dismissing the complaint.

*Reversed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Hutchison took no part in the decision of this case.